IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 MAY -7 PM 12: 21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILLIE LEE LEWIS, | ) | ENTERED |
| | ) | |
| Plaintiff, | ) | MAY 7 1999 |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 99-G-0058-S |
| MASSACHUSETTS INDEMNITY | ) | |
| AND LIFE INSURANCE COMPANY; | ) | |
| PENNSYLVANIA LIFE INSURANCE | ) | |
| COMPANY; LAURICE LYONS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This cause is before the court upon the motion of defendants Massachusetts Indemnity and Life Insurance Company ("MILICO") and Pennsylvania Life Insurance Company ("Penn Life") for summary judgment, and the motion by the plaintiff for a continuance under Rule 56(f) and to strike.[1] The

---

[1] It is clear from the face of the complaint that the plaintiff has no possible cause of action against Laurice Lyons under the allegations of the complaint. Therefore, the citizenship of Laurice Lyons may be ignored for diversity jurisdiction purposes. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1562 (11th Cir. 1989). Laurice Lyons will be dismissed as a party defendant.

plaintiff's complaint contains two counts, both of which assert claims based upon the defendants' failure to pay life insurance benefits under policy number 0410482648, a policy on the life of Emma Robinson. The defendants base their motion for summary judgment on two grounds. First, that the policy had lapsed for nonpayment of premiums in 1985, prior to the death of Emma Robinson; and second, that the statute of limitations had run on plaintiff's claims.[2]

The uncontradicted affidavit of Regena Wood establishes that the policy of insurance in question lapsed for non payment of premiums as of September 1985, prior to the death of Emma Robinson in 1993. The plaintiff has introduced no evidence tending to show otherwise. Therefore, on this point there exists no genuine issue of fact. Because the policy of insurance was not in force at the time of the death of Emma Robinson, there can be no bad faith refusal to pay or contract claim based upon that policy.

The plaintiff has failed to come forward with any evidence tending to support any of his claims. Simply put, the plaintiff has submitted no evidence

---

[2] Defendants have not specified which statute of limitations bars plaintiff's claims. The statute of limitations for bad faith refusal to pay claims arising on or after January 9, 1985, is two years. Alfa Mut. Ins. Co. v. Smith, 540 So. 2d 691, 692 (Ala. 1988). The statute of limitations for breach of contract, including breach of an insurance contract, is six-years. 949 F. Supp. 825, 831 (M.D. Ala. 1996). Because of the court's ruling on defendant's first contention, the issue of whether the statute of limitations has run need not be addressed.

supporting any of his claims. The plaintiff's Rule 56(f) motion is not supported as required by the rule, and is due to be denied. The plaintiff's motion to strike is also due to be denied because he has not demonstrated any prejudice from the late submission of the defendants.

The above demonstrate that there exists no genuine issue as to any material fact and that defendants MILICO and Penn Life are entitled to a judgment as a matter of law. As to defendant Laurice Lyons, the complaint is due to be dismissed.

An appropriate order will be entered contemporaneously herewith.
DONE this 7th day of May 1999.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.